IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00235-PSF-PAC

VIRGINIA L. POWELL,

       Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY (also doing business as
Aetna US Healthcare); and
QUEST DIAGNOSTICS INCORPORATED WELFARE PLAN (also known as
The Quest Diagnostics' Aetna Long-Term Disability Benefit Plan, and also known as
The Quest Diagnostics' Managed Disability Benefits Plan), and
THE QUEST EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE,

       Defendants.

---

## ORDER ON PLAINTIFF'S SUPPLEMENT TO HER OBJECTION
## TO DEFENDANTS' BILL OF COSTS AND REQUEST FOR REVIEW

---

THIS MATTER is before the Court on plaintiff's above-captioned request (Dkt. # 93), filed October 20, 2005. The Court treats this filing as a motion pursuant to Rule 54(d)(1), F.R.Civ.P., to review the costs taxed by the Clerk of the Court on October 12, 2005, although the motion appears to have been filed one day beyond the filing deadline set forth in the rule.

On September 29, 2005, the Court entered its Order on Final Review of the Administrative Record in this ERISA case, and directed the Clerk of Court to enter judgment for defendants. On October 5, 2005, defendants filed their Bill of Costs and on October 12, 2005, the Clerk of the Court taxed costs in the amount of $ 619.99. On the same date, judgment was entered for defendants.

Plaintiff now appears to object to two items of costs allowed by the Clerk. The first item, in the amount of $43.19, apparently pertains to the cost of obtaining some "materials concerning a Colorado insurance law."  The Court has no information as to how such law may relate to any issues in this case, even if it were why it would be a reimbursable expense, and therefore directs the Clerk to revise the allowed costs to disallow this amount of $43.19.

The second item challenged by plaintiff is the cost of the transcript of a hearing held before this Court on June 4, 2004, at which time the Court heard argument and entered its preliminary ruling on the standard of review to be applied in this in this ERISA case.  The Court finds that purchase of the transcript by defendants was reasonably necessary to the final briefing in this case, and indeed the transcript was cited by the Court in its Final Order.  Accordingly, plaintiff's objection to this item is OVERRULED.

The Clerk of the Court is directed to amend the allowed costs and reduce the amount by $43.19.

DATED: October 28, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge